BEALL & BURKHARDT, APC
WILLIAM C. BEALL, STATE BAR NO. 97100
ERIC W. BURKHARDT, STATE BAR NO. 132812
RYAN W. BEALL, STATE BAR NO. 313774
SUITE 200, LA ARCADA BUILDING
1114 STATE STREET
SANTA BARBARA, CALIFORNIA, 93101
(805) 966-6774

Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| In re | ) | Bk. No. 1:23-bk-10061-MB |
|---|---|---|
| | ) | |
| Seyed Jafar Jafari, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | **EX PARTE MOTION FOR ORDER TO SHOW CAUSE IN RE CONTEMPT FOR VIOLATION OF 11 U.S.C. 524(a)(2); DECLARATION OF WILLIAM C. BEALL IN SUPPORT THEREOF** |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | <u>NO HEARING SET</u> |
| | ) | |
| | ) | |

Discharged Debtor Seyed Jafar Jafari ("Debtor") brings this *Ex Parte Motion for Order to Show Cause In re Contempt for Violation of 11 U.S.C. § 524(a)(2)* ("Motion"). In support of the Motion, the Debtor submits the attached memorandum of points and authorities and the declaration of William C. Beall ("Beall Declaration").

<u>FACTS</u>

Debtor filed a voluntary petition for relief under Chapter 7 on January 18, 2023. Prior to the filing of the Chapter 7 petition, Hamidreza Rahmatollah Saboor ("Saboor") was the plaintiff and Debtor was the defendant in District Court case 2:22-cv-02225 JLS (PVCx), filed in the United States District Court for the Central District of California (the "District Court action"). On February 1, 2023 Debtor filed his schedules (Docket 12) listing Saboor as a creditor (Exhibit A attached to the

1

Request for Judicial Notice ["RJN]). A "Notice of Stay" was also filed in the District Court action on January 30, 2023, as Docket number 59, informing Saboor of the Chapter 7 filing (Exhibit B to RJN). To the extent necessary, Debtor requests the Court take judicial notice of documents filed or part of the Court file in either Court.

The Debtor received a discharge on January 8, 2024 (Docket 110, Exhibit C to RJN). After the discharge, Saboor filed a Motion to Reopen the Chapter 7 case (Docket 114, Exhibit D to RJN). In the Motion, Saboor, through counsel, specifically stated that he intended to file a Complaint to Revoke the Debtor's Discharge. The Court reopened the case (Docket 117, Exhibit E to RJN). However, perhaps due to a colloquy between counsel in which the undersigned provided clear evidence to counsel for Saboor that the asserted grounds for revocation of discharge were known to Saboor and the Trustee long prior to discharge, no complaint to revoke the discharge was ever filed and the case was closed again.

Meanwhile, despite the discharge, Saboor has continued to prosecute the District Court action. A copy of the docket sheet from the District Court action is attached to the RJN as Exhibit F. There are 29 entries after the Notice of Stay, and despite demand, Saboor refuses to dismiss the action.

## ARGUMENT

An individual injured by a violation of the discharge injunction is entitled to actual damages, including costs and attorneys' fees. Bankruptcy courts have the power to impose civil contempt. *In re Stasz*, 387 B.R. 271, 276 (9th Cir. BAP 2008) citing *Caldwell v. Unified Capital Corp. (In re Rainbow Magazine, Inc.)*, 77 F.3d 278, 284-285 (9th Cir. 1996); *see also* 11 U.S.C. § 105(a). Civil contempt is appropriate where there is "no fair ground of doubt" as to whether the order barred the offender's conduct. *Taggert v. Lorenzen*, 139 S.Ct. 1795, 1799 (2019); *see In re GL Master Inc.*, 2022 WL 34686, (Bankr. C.D. Cal. 2022) (applying *Taggert* standard in discovery context for willful and repeated violations of orders); *In re Jeong*, 2020 WL 1277575 (9th Cir BAP 2020) (applying *Taggert* standard in context of willful violation of automatic stay).

Section 524(a)(2) could not be clearer. It enjoins the "continuation" of an action to collect a listed obligation as a personal liability of the debtor.

Saboor took no action during the Chapter 7 case to seek non-dischargeability, denial or revocation of the Debtor's discharge. These are precisely the facts of *Sciarrino v. Mendoza*, 201 B.R. 541 (D. C. E.D. Ca 1996) in which the Court granted sanctions equal to the Debtor's costs and fees.

Under the Court's contempt authority, the Court may award damages. The language of section 105(a) authorizes only those remedies "necessary" to enforce the bankruptcy code. *See Walls*, 276 F.3d at 507. "Generally, sanctions associated with civil contempt–that is, compensatory damages, attorney fees, and the offending creditor's compliance–adequately meet that goal." *In re Dyer*, 322 F.3d 1178, 1193 (9th Cir. 2003). Furthermore, courts have broad discretion in designing contempt sanctions that will ensure compliance with their orders. *See Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 779-780 (9th Cir. 1983). The two most common coercive sanctions are imprisonment and/or a per diem fine imposed for each day a contemnor fails to comply with an affirmative court order. *See United Mine Workers of Am. V. Bagwell*, 512 U.S. 821, 829 (1994). Saboor should be ordered to dismiss the District Court action, and if he refuses to cooperate, the Court should authorize the clerk of the Court to execute the dismissal.

It is not necessary for the Court to reopen the case to hear the issues associated with this Motion and the potential Order to Show Cause. *Kvassay v. Kvassay (In re Kvassay)*, 2016 Bankr. LEXIS 3653 (9th Cir. BAP Oct. 6, 2016).

<u>**ATTORNEY INVOLVEMENT**</u>

Saboor is currently unrepresented in the District Court action. In an email dated June 16, 2026, counsel for the Debtor again demanded dismissal of the District Court action. The email was sent to Saboor, to counsel of record in this case for Saboor, Baruch C. Cohen, as well as former counsel for Saboor in the District Court action, Mansour Jafarian and Russell Mehrdad Rad of Artemis Law Group. Predictably counsel responded with assertions that they had no responsibility and no longer represented Saboor. Also, as usual, Mr. Cohen threatened sanctions if he was included.

3

Mr. Cohen represented Saboor in this case and knew well the debt had been discharged, as he had reopened the case for the specific purpose of seeking revocation of discharge and he never filed such a complaint. The docket does not reflect any withdrawal of representation.

Messrs. Jafarian and Rad of Artemis Law Group represented Saboor in the District Court action until January of 2026, according to the Docket (Exhibit F to RJN). They represented Saboor through the Chapter 7 case and were counsel of record for Saboor when the discharge was entered.

As the Court has previously expressed to the undersigned, if an Order to Show Cause is entered, it is not the Debtor's OSC, it is the Court's OSC. The Court has the facts regarding the attorney, they are not in dispute. The Court should determine in granting an order to Show Cause whether the attorney share responsibility for this contempt of the Court, and whether they should be ordered to show cause.

<u>DAMAGES</u>

If the Court decides monetary sanctions are appropriate, the Debtor has of course incurred fees and costs. In addition, Debtor makes an offer of proof that Saboor has actively interfered with marketing of Debtor's home post-discharge, causing additional damage. It is premature to quantify damages at this time.

<u>CONCLUSION</u>

By reason of Saboor's violation of the discharge injunction described above, Debtor prays for this Court to find Saboor (an, if the Court believes appropriate, his counsel) in contempt and set a continued hearing date to determine compensatory damages.

Respectfully Submitted,

Dated: 6/25/26

BEALL & BURKHARDT, APC

By: _William C. Beall_
William C. Beall, Counsel for Debtor

4

## DECLARATION OF WILLIAM C. BEALL

I, William C. Beall, declare and state as follows:

1.    I was counsel for the debtor in the above-captioned bankruptcy case bearing the case number 1:23-bk-10061-MB. Each of the matters set forth below is stated of my personal knowledge, and if called as a witness I could competently testify to each of them.

2.    Each of the documents attached to the Request for Judicial Notice is to the best of my knowledge a true and correct copy of the filed document.

3.    The Debtor received a discharge on January 8, 2024 (Docket 110, Exhibit C). After the discharge, Saboor filed a Motion to Reopen the Chapter 7 case (Docket 114, Exhibit D). In the Motion, Saboor, through counsel, specifically stated that he intended to file a Complaint to Revoke the Debtor's Discharge. The Court reopened the case (Docket 117, Exhibit E). However, perhaps due to a colloquy between counsel in which I provided clear evidence to counsel for Saboor (Mr. Cohen) that the asserted grounds for revocation of discharge were known to Saboor and the Trustee long prior to discharge, no complaint to revoke the discharge was ever filed and the case was closed again.

4.    In an email dated June 16, 2026, I again demanded dismissal of the District Court action. The email was sent to Saboor, to counsel of record in this case for Saboor, Baruch C. Cohen, as well as former counsel for Saboor in the District Court action, Mansour Jafarian and Russell Mehrdad Rad of Artemis Law Group. Predictably both counsel responded with assertions that they had no responsibility and no longer represented Saboor. Also, as usual, Mr. Cohen threatened sanctions if he was included.

I declare the foregoing is true under penalty of perjury.

Dated: _6/25/26_                                          _William C. Beall_
                                                        William C. Beall

5

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1114 State Street, Suite 200, Santa Barbara, CA 93101

A true and correct copy of the foregoing document entitled (*specify*):
**EX PARTE MOTION FOR ORDER TO SHOW CAUSE IN RE CONTEMPT FOR VIOLATION OF 11 U.S.C. 524(a)(2); DECLARATION OF WILLIAM C. BEALL IN SUPPORT THEREOF**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 6/25/26_, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **William C Beall**    Will@BeallandBurkhardt.com, carissa@beallandburkhardt.com
- **Kelli M Brown**    kelbrown@raslg.com
- **Joseph E Caceres**    jec@locs.com, generalbox@locs.com
- **Baruch C Cohen**    bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
- **Amy L Goldman (TR)**    marisol.jaramillo@lewisbrisbois.com, AGoldman@iq7technology.com;ecf.alert+Goldman@titlexi.com
- **Jeffrey J Hagen**    jeff@hagenhagenlaw.com
- **Carissa N Horowitz**    carissa@davidovichlaw.com, artyc@aol.com;castlesb@aol.com
- **Lior Katz**    lior@katzlaw.com
- **Erica T Loftis Pacheco**    bknotifications@ghidottiberger.com
- **Kirsten Martinez**    Kirsten.Martinez@bonialpc.com, Notices.Bonial@ecf.courtdrive.com
- **Arvind Nath Rawal**    arawal@aisinfo.com
- **Charles Shamash**    cs@locs.com, generalbox@locs.com
- **Cheryl A Skigin**    cskigin@pncounsel.com, caskigin@earthlink.net
- **United States Trustee (SV)**    ustpregion16.wh.ecf@usdoj.gov
- **Michael D Vanlochem**    janguiano@vandc.net

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On 6/25/2026, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
Hamidreza Rahmatollah Saboor
c/o Ali Abdollahi
285 McFarlane Rd., Apt 183
Colonia NJ 07067

Mansour Jafarian
Artemis Law Group
5850 Canoga Ave, Suite 400
Woodland Hills CA 91367

Russell Mehrdad Rad
Artemis Law Group
445 Marine View Ave., Ste. 300
Del Mar, CA 92014

☐ Service information continued on attached page

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date)_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 6/25/2026 | William C. Beall | _William C. Beall_ |
|-----------|------------------|------------|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                  F 9013-3.1.PROOF.SERVICE