FILED & ENTERED

NOV 11 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Cetulio DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

In re:

Seyed Jafar Jafari,

Debtor.

Case No.: 1:23-bk-10061-MB

Chapter 7

**ORDER DENYING MOTION FOR ORDER TO SHOW CAUSE WITHOUT PREJUDICE**

Before the Court is debtor Seyed Jafar Jafari's ("Debtor") motion seeking an order to show cause regarding contempt against Hamidreza Rahmatollah Saboor ("Saboor") and various counsel ("Motion").[1] Case Dkt. 130. Debtor contends that Saboor and his counsel violated the discharge injunction arising under Bankruptcy Code section 524(a)(2) by their alleged continued prosecution of a civil action pending in the District Court for recognition of a foreign money judgment, Case No. 2:22-cv-02225-JLS-PVC ("District Court Action"). For the reasons set forth below, the Court **DENIES** the Motion without prejudice.

## I. PROCEDURAL AND FACTUAL BACKGROUND

On April 4, 2022, Saboor commenced the District Court Action. Dist. Ct. Dkt. 1. Debtor subsequently filed his voluntary bankruptcy petition under chapter 7 on January 18, 2023. Case Dkt. 1. On January 30, 2023, almost two weeks after the commencement of the bankruptcy case, Debtor filed a notice of automatic stay in the District Court Action. Dist. Ct. Dkt. 59.

Thereafter, there was no activity in the District Court Action until August 10, 2023, when Debtor filed a *Notice of Termination of Writ of Attachment* regarding a prejudgment writ of attachment previously granted by the District Court. Dist. Ct. Dkt. 60. Saboor objected to the notice. Dist. Ct. Dkt. 61. The Honorable Pedro V. Castillo, United States Magistrate Judge, thereafter declined to act on Debtor's notice, noting: "The parties are reminded that this case was automatically stayed pursuant to Bankruptcy Code § 362. (Dkt. No. 59). Accordingly, any and all issues related to the Writ of Attachment must be raised with the Bankruptcy Court." Dist. Ct. Dkt. 62.

On December 20, 2023, the Honorable Josephine L. Staton, United States District Judge, ordered the District Court Action removed from her active caseload due to the pendency of Debtor's bankruptcy case. Dist. Ct. Dkt. 64.

---

[1] Debtor notes that it need not move to reopen the case to initiate contempt proceedings, citing *Kvassay v. Kvassay (In re Kvassay)*, 2016 Bankr. LEXIS 3653 (2016) (B.A.P. 9th Cir. Oct. 6, 2016). The Court finds this authority persuasive and considers this motion without the need to reopen the case.

On January 8, 2024, the Court granted Debtor a discharge in his bankruptcy case. Case Dkt. 110.

From the date of the order removing the District Court Action from the District Court's active caseload until early 2025, the District Court Action's docket shows no activity. On January 21, 2025, former counsel to Saboor in the bankruptcy case, Baruch Cohen, filed a notice of lien in the District Court Action against any recovery realized by Saboor. Dist. Ct. Dkt. 65. The notice, however, does not assert any rights against Debtor, only against Saboor and any recovery he might realize in the District Court Action.

Other than pleadings related to the withdrawal and/or substitution of counsel in the District Court Action,[2] the principal docket activity in the action has pertained to the requests of Debtor to terminate the prejudgment writ of attachment. Dist. Ct. Dkts. 67, 74, 76, 79, 81, 86. Saboor has opposed these requests but has not sought any affirmative relief against Debtor.[3] Dist. Ct. Dkts. 72, 78, 84, 85.

On September 17, 2026, Judge Castillo entered his Report and Recommendation to Judge Staton, recommending the District Court dissolve the prejudgment writ of attachment, among other things because the underlying debt has been discharged. Dist. Ct. Dkt. 93. Saboor has opposed the Report and Recommendation, which is now pending before Judge Staton. Again, Saboor's objection does not assert any affirmative relief against Debtor, but instead argues that the Report and Recommendation are wrong substantively and procedurally.

## II. ANALYSIS

Bankruptcy courts have the authority to hold a party in contempt for violating a court order and to impose civil contempt sanctions under section 105(a) of the Bankruptcy Code. *Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178, 1189–90 (9th Cir. 2003). "[U]nder § 105(a), a bankruptcy court may both hold a party in civil contempt and impose compensatory or coercive

[2] The Court takes judicial notice of the fact that, on January 4, 2026, the District Court granted a motion by former counsel for Saboor, Mansour Jafarian and Russell M. Rad of Artemis Law Group, APLC, to withdraw as counsel of record to Saboor in the District Court Action. Dist. Ct. Dkt. 73.

[3] In Plaintiff's opposition to the motion to terminate the writ of attachment, he indicated he was intending to appeal the discharge order, and in subsequent filings, he maintains that his lien survived the discharge.

sanctions." *In re Bateman*, 2019 WL 3731532, at *6 (B.A.P. 9th Cir. Aug. 7, 2019) (citing *In re Dyer*, 322 F.3d at 1189–90; *Renwick v. Bennett (In re Bennett)*, 298 F.3d 1059, 1069 (9th Cir. 2002); *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 506–07 (9th Cir. 2002); *Nash v. Clark Cnty. Dist. Attorney's Office (In re Nash)*, 464 B.R. 874, 880 (B.A.P. 9th Cir. 2012)).

The order in question here is the discharge order issued by this Court on January 8, 2024. Case Dkt. 110. By operation of Bankruptcy Code section 524(a)(2), the discharge order "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived . . . ." 11 U.S.C. § 524(a)(2). Specifically in the context of a violation of the discharge order, the Supreme Court has set the following standard for finding a party in civil contempt: "a court may hold a creditor in civil contempt for violating a discharge order if there is *no fair ground of doubt* as to whether the order barred the creditor's conduct. In other words, civil contempt may be appropriate if there is no objectively reasonable basis for concluding that the creditor's conduct might be lawful." *Taggart v. Lorenzen*, 587 U.S. 554, 557 (2019) (emphasis in original).

Before the Court holds a hearing on an alleged contempt, however, it must make a preliminary decision whether to issue an order to show cause. The legal standard for this determination is less than clear, but the Court finds *Costa v. Welch (In re Costa)*, 172 B.R. 954 (Bankr. E.D. Cal. 1994) helpful. There, the court observed that "Courts should be cautious when authorizing contempt proceedings. Orders to show cause should not issue merely because someone requests one." *Id.* at 963. The court in *In re Costa* explained further:

> Contempt is serious business that nobody takes lightly. The mere existence of an order to show cause suggests that the court has made a preliminary determination that an order of contempt is a realistic possibility. When issued based on allegations that are unlikely to warrant an order of contempt, the order to show cause smacks of bullying and creates perceptions that call the court's impartiality into question.

*Id.* at 963–64.

*In re Costa* is instructive regarding the quantum of evidence necessary to justify an order to show cause regarding contempt. The opinion describes the court's task as one of (i) making a "preliminary determination" whether contempt is a "realistic possibility," and (ii) requiring "a demonstration of facts that, if not rebutted, could be sufficient to warrant an order of contempt." *Id.* at 963. Taken together, these descriptions suggest that the standard is that of demonstrating a "prima facie case," i.e., "such as will prevail until contradicted and overcome by other evidence." Black's Law Dictionary (6th ed. 1990).

The Court concludes: (a) Debtor has failed to make a prima facie case that Baruch Cohen violated the discharge order; (b) Debtor has failed to make prima facie case that Saboor or his former counsel in the District Court Action violated the discharge order by failing to affirmatively dismiss the District Court Action; and (c) Debtor has failed to make a prima facie case that Saboor or former counsel in the District Court Action violated the discharge order by defending the motions to terminate the prejudgment writ of attachment.

**A. Baruch Cohen Did Not Violate the Discharge Injunction.**

It is clear from the record in both this case and the District Court Action that Mr. Cohen was not involved in the prosecution of the District Court Action. He had no part in the determination of whether to dismiss the District Court Action or whether to defend Debtor's request to terminate the prejudgment writ of attachment. As such, the Court declines to issue an order to show cause with respect to Mr. Cohen.

**B. Neither Plaintiff nor his Former Counsel Violated the Discharge Injunction by Failing to Dismiss the District Court Action.**

Debtor argues that "Saboor refuses to dismiss the [District Court Action]" and that this constitutes contempt of the discharge order. Debtor further argues that Saboor's former counsel in the District Court Action participated in such conduct. Debtor has nevertheless failed to make a prima facie showing that Saboor or his former counsel violated the discharge injunction by failing to move to dismiss the District Court Action.

Although decided under Bankruptcy Code section 362(a)(3) regarding the automatic stay (rather than the discharge injunction under 524(a)(2)), the Supreme Court's decision in *Chicago v. Fulton*, 592 U.S. 154 (2021) is instructive. There, the Supreme Court held that the stay against "any act . . . to exercise control over property" required an affirmative act by the violator. Merely retaining possession of estate property (i.e., not voluntarily turning it over) did not qualify as an affirmative act. *Id.* By parity of reasoning, a party's failure to voluntarily dismiss a prepetition civil action pending before another court, without any affirmative act, may not amount to the "continuation" of that action under section 524. *See, e.g., In re Wilkes*, 2026 WL 1122117, at *4 (Bankr. N.D. Cal. Apr. 22, 2026) (failure to dismiss action did not constitute violation of the discharge order); *Baumier v. Raley (In re Baumier)*, 680 B.R. 587, 594–95 (Bankr. N.D.W. Va. 2026) (failure to withdraw prepetition application for a charging order did not constitute a violation of the discharge injunction). If there is binding authority holding or suggesting otherwise, Debtor has failed to cite it.[4]

The Court notes that Debtor's email demand in June of 2026 does not constitute a prima facie showing of contempt. Though counsel for Debtor offers a declaration stating that on June 16, 2026, he sent an email to Saboor (then representing himself, pro se) and his prior counsel, demanding that the District Court Action be dismissed, the declaration does not demonstrate that Saboor ever received or acknowledged the demand. Rather, the declaration states only that the former counsel responded, disclaiming responsibility for the pending action. In fact, it is not clear from the record that Saboor ever received notice of counsel's email demand. While Saboor's participation in the District Court Action suggests he *is* able to communicate from Iran,[5]

---

[4] The Court's own research reflects two cases which are neither binding nor particularly persuasive. *In re Leatherwood*, 2021 WL 1321755, at *2 (Bankr. E.D. Mich. Mar. 30, 2021) (finding the *Fulton* holding inapplicable to alleged violations of the discharge injunction under section 524(a)(2)); *In re Iskric*, 496 B.R. 355, 363 (Bankr. M.D. Pa. 2013) (finding a violation of the discharge injunction where, after learning of the discharge, a creditor failed to seek termination of a bench warrant which ultimately resulted in the incarceration of the discharged debtor).

[5] *See, e.g.*, Dist. Ct. Dkts. 78 (Saboor declaration executed on "February 5, 2026, Tehran, Iran" indicating Saboor is "Pro Se"), 85 (Saboor declaration executed on "February 27. 2026 in Tehran / Iran" indicating he is "Pro Se"), 88 (Saboor declaration in which "Plaintiff, appearing pro se, respectfully informs the Court that due to extended internet disruptions and communication difficulties in Iran, Plaintiff has been unable to reliably access electronic communications and may not have received electronic notifications relating to this case. . . . Dated: May 31, 2026"),

Debtor's evidence does not demonstrate that counsel directed his demand to the correct email address or that Saboor has otherwise acknowledged receipt. In Mr. Cohen's opposition to the Motion, Case Dkt. 140, he attaches to his declaration his response to the June 16, 2026 email; the carbon copy line includes email addresses apparently used by Saboor, but based on the *Notice Regarding Communication Difficulties and Request for Case Status* filed by Saboor in the District Court Action, Dist. Ct. Dkt. 88, Saboor apparently no longer had access to such addresses. Further, at the time of the email, Mr. Rad and Mr. Jafarian had already withdrawn as counsel to Saboor. As such, it is not clear that the demand to dismiss the action was conveyed to Saboor.

The Court finally notes that the docket in the District Court Action reflects no request from *either* party to dismiss that action. It is unclear whether the current situation is a result of Saboor's failure to dismiss the action, rather than Debtor's tactical decisions in the District Court Action. Why, for instance, has Debtor not simply requested dismissal of the District Court Action based on discharge of the underlying debt? Instead, Debtor has chosen to seek dissolution of the prejudgment lien in that court. This may be a perfectly sensible approach, in that dismissal of the District Court Action, without more, might create uncertainty for Debtor regarding the status of the lien. But here is the point: if Debtor has elected to pursue dissolution of the prejudgment lien in the District Court rather than (or prior to) dismissal, why should this Court conclude there has been a contempt for failure to dismiss? These approaches seem somewhat at odds.

**C. Neither Plaintiff nor his Former Counsel Violated the Discharge Injunction by Defending Debtor's Motion to Terminate the Attachment Lien.**

Debtor argues "Saboor has continued to prosecute the District Court action." *See* 11 U.S.C. 524(a)(2) ("A discharge in a case under this title . . . operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of

---

89, 94 (Saboor request for extension of time to object to report and recommendation because "Plaintiff is currently outside the United States, in Iran . . . Date: September 18, 2026"), 98.

such debt is waived . . . ."). However, this assertion is somewhat misleading. The docket in the District Court Action reveals that the only substantive relief sought with respect to the Debtor has been sought by *Debtor*. Although Judge Staton had placed this case on her inactive case list, it is Debtor that reinitiated activity in the District Court Action by seeking to dissolve the prejudgment lien. Saboor's filings (which have largely been pro se, without the benefit of counsel) oppose dissolution of that lien.[6] Right or wrong, Saboor did not elect to litigate this issue in the District Court. Debtor did.

Debtor fails to offer any authority supporting the proposition that Saboor's response to debtor-initiated litigation, without seeking any affirmative recovery on the discharged debt, constitutes a violation of the discharge injunction.[7] Indeed, the plain language of section 524(a)(2) suggests his oppositions do not constitute a violation of the discharge order. As such, the Court is not persuaded on this record that Saboor is engaging in the "continuation of an action" within the meaning of Bankruptcy Code section 524(a)(2).

///

///

///

///

///

///

///

///

[6] Former counsel for Saboor filed the opposition to the Debtor's motion to terminate the prejudgment writ of attachment, however, the remainder of the relevant filings regarding the termination of the writ of attachment have been filed by Saboor pro se.

[7] The Court notes that Debtor's reliance on *Sciarrino v. Mendoza* is inapposite to the case at hand. There, the court held that the Sciarrinos had violated the discharge injunction because, following discharge, they affirmatively requested judgment in a case filed prepetition and with respect to which they had obtained an attachment lien against the debtors. *Sciarrino v. Mendoza*, 201 B.R. 541 (E.D. Cal. 1996).

## III. CONCLUSION

On the entirety of the record presented, including the matters of which the Court has taken judicial notice, the Court is not persuaded that it should issue an order to show cause for contempt. As noted below, the Court's decision in this matter is without prejudice to Debtor making a more compelling case (both factually and legally) in the future. Therefore, it is hereby ORDERED:

1. The Motion is DENIED WITHOUT PREJUDICE.

###

Date: November 11, 2026

Martin R Barash
United States Bankruptcy Judge